**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN DONAGGIO,
<u>Plaintiff-Appellant,</u>

v.

No. 95-1842

ARLINGTON COUNTY, VIRGINIA;
WILLIAM K. STOVER, Chief,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-94-1277-A)

Argued: January 31, 1996

Decided: February 28, 1996

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Tarcissius Leibig, ZWERDLING, PAUL, LEI-
BIG, KAHN, THOMPSON & WOLLY, P.C., Fairfax, Virginia, for
Appellant. Ara Loris Tramblian, Deputy County Attorney, Arlington,
Virginia, for Appellees. **ON BRIEF:** Barbara S. Drake, County
Attorney, Arlington, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

An Arlington County police officer, John Donaggio, brought this action pursuant to 42 U.S.C. § 1983 against the County and its police chief, William Stover, asserting violations of the First and Fourteenth Amendment. Donaggio alleged that the defendants forced him to participate in a demonstration of uniformed officers at the Capitol building in Washington, D.C., to support legislation banning assault weapons, legislation that Donaggio opposed. The district court granted summary judgment to the defendants. Donaggio v. Arlington County, 880 F. Supp. 446 (E.D. Va. 1995). We affirm.

As Donaggio concedes, Appellant's Brief at 3, the district court "correctly stated" the undisputed material facts. See, Donaggio, 880 F. Supp. at 450-53. Accordingly, there is no need to restate them here. After setting forth the facts, the district court held: (1) "[i]t was not unconstitutional for the County, through Chief Stover, to organize and pay its police officers to demonstrate in favor of the bill if the officers voluntarily and knowingly agreed to do so" id. at 457; (2) because Donaggio "was not compelled to take part in the demonstration at the Capitol, his constitutional right to refrain from speaking was not infringed," id. at 459-60; (3) even assuming that Donaggio was compelled to "speak" by being required to attend the demonstration, the defendants were not liable to him because "they were not the authors of the compulsion," id. at 460-61; and (4) in any event, qualified immunity barred Donaggio's claim against Chief Stover. Id. at 463.

Donaggio appeals only the first holding.* He asserts that the dis-
_____
*Thus, Donaggio specifically disavows any appeal of the district court's other holdings, including its conclusion that he was not forced to attend the demonstration. Although Donaggio concedes that he was not compelled to demonstrate, he nonetheless insists that his participation

2

trict court erred in concluding "that no First Amendment issue [was] raised" if Donaggio's participation in the demonstration was not compelled. Reply Brief at 4. We have carefully considered the briefs and arguments of the parties and the authorities cited therein, and conclude that the district court properly rejected this argument. Accordingly, we affirm for the reasons stated in the district court's thorough opinion. See Donaggio, 880 F. Supp. at 453-57.

AFFIRMED

_____

was not voluntary because he objected to the speech. Relying on several Supreme Court cases, e.g. Abood v. Detroit Bd. of Educ., 431 U.S. 209 (1977), Donaggio asserts that a plaintiff need not"stand pat and fight" compelled speech in order to challenge it, but must merely object to it. Even if Donaggio is correct--a question we need not decide here--this argument does not assist him. The critical flaw in Donaggio's reasoning is that whether the plaintiff merely objects or fights, the speech must be compelled in order to be actionable. Based on Donaggio's earlier concession and on the undisputed facts, Donaggio can at best claim that he objected to speech that was not compelled. In contrast, each of the free speech cases on which Donaggio relies involves a challenge to compelled speech. See e.g. Abood, 431 U.S. at 235-36.

3